United States District Court
Southern District of Texas

**ENTERED**
July 15, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BARRY K. HALLEY, *et al.*, § <br>     Plaintiffs/Counter-Defendants, § <br> § <br> v. § <br> § <br> DEUSTCHE BANK NATIONAL § <br> TRUST COMPANY, AS TRUSTEE § <br> FOR MORGAN STANLEY ABS § <br> CAPITAL I INC., TRUST 2004-HE3, § <br> MORTGAGE PASS-THROUGH § <br> CERTIFICATES, SERIES 2004-HE3, § <br> *et al.*, § <br>     Defendants/Counter-Plaintiffs. § | CIVIL ACTION NO. H-15-1174 |

## MEMORANDUM AND ORDER

Counter-Defendants Barry K. Halley and Blanca E. Olvera originally brought this suit challenging a foreclosure sale at 10223 Metronome Drive in Houston (the "Property"), but have voluntarily dismissed their claims against the original Defendants. The original Defendants, who no w are only Counter-Plaintiffs, are Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., Trust 2004-HE3, Mortgage Pass-Through Certificates, Series 2004-HE3 ("Deutsche Bank") and Ocwen Loan Servicing, L.L.C. ("Ocwen"). Counter-Plaintiffs bring claims for declaratory judgment regarding the Property. As instructed by the Court, the parties have briefed the issue of this Court's subject matter jurisdiction in

light of the Supreme Court's decision in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016). *See* Counter-Plaintiffs' Brief in Support of Jurisdiction [Doc. # 27]; Counter-Defendants' Response [Doc. # 28]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court determines that it has subject matter jurisdiction over this case.

## I. BACKGROUND

Deutsche Bank and Ocwen removed this action from state court on May 4, 2015. Notice of Removal [Doc. # 1]. In their original pleadings in state court, Halley and Olvera alleged that the foreclosure sale of the Property on April 7, 2015, should be enjoined due to violations of the Real Estate Settlement Procedures Act. However, on May 19, 2015, Halley and Olvera voluntarily dismissed all of their claims against Deutsche Bank and Ocwen. *See* Notice of Dismissal of Defendants Without Prejudice [Doc. # 9]; Hearing Minutes and Order, dated July 16, 2015 [Doc. # 22]. The only claims remaining in this suit are Counterclaims [Doc. # 5] by Deutsche Bank and Ocwen seeking a declaratory judgment that they are entitled to foreclose on the Property.

On December 23, 2015, this Court stayed and administratively closed the case pending the Supreme Court's decision in a case that potentially implicated this Court's subject matter jurisdiction. *See* Order [Doc. # 25]. On March 7, 2016, after the

Supreme Court's decision in *Americold*, the Court reinstated the instant action on its active docket and ordered briefing on the jurisdictional issue. *See* Order [Doc. # 26]. The parties now have filed timely briefs and both take the position that this Court has subject matter jurisdiction over their dispute. *See* Docs. # 27, # 28.

## II.    SUBJECT MATTER JURISDICTION

The Counterclaims filed by Deutsche Bank and Ocwen invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. Counter-Defendants Halley and Olvera are citizens of Texas.

Counter-Plaintiff Deutsche Bank is a trustee. The Supreme Court's recent *Americold* holding reaffirmed the holding in *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980), stating that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold*, 136 S. Ct. at 1016. *See Navarro*, 446 U.S. at 465-66 (a trustee who is the real party in interest can invoke diversity jurisdiction based on its own citizenship rather than that of the trust's beneficial shareholders). As a national bank association, Deutsche Bank is considered a citizen of the state in which its main office is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Because Deutsche Bank has its main office in California, as specified in its articles of association, *see* Notice of Removal [Doc. # 1], at 3, Deutsche Bank is a citizen of California for purposes of diversity jurisdiction.

Counter-Plaintiff Ocwen is a limited liability company whose sole member is Ocwen Mortgage Servicing, Inc. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1080 (5th Cir. 2008). Ocwen Mortgage Servicing, Inc., is a citizen of the U.S. Virgin Islands, the territory in which it is incorporated. *See* Notice of Removal, at 4. Counter-Plaintiff Ocwen therefore is a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.

Complete diversity of citizenship is present in this case. In addition, the amount in controversy exceeds $75,000, and thus satisfies the requirements of 28 U.S.C. § 1332(a). *See* Counterclaims [Doc. # 5], at 5 (alleging that Counter-Defendants owe "at least $148,650.33 as unpaid principal, interest, fees, and escrow advances").[1] This Court has diversity jurisdiction over the parties' dispute under 28 U.S.C. § 1332(a).

## III.  CONCLUSION

For the reasons stated above, this Court has subject matter jurisdiction. The Court's previous Docket Control Order [Doc. # 23], entered on July 16, 2015, set

---

[1] The appraised value of the Property was $136,019 on January 1, 2015. Harris County Appraisal District Real Property Account Information [Doc. # 1-6]. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy.")

multiple deadlines that expired during the stay pending the *Americold* decision. Therefore it is hereby

**ORDERED**  that the deadlines in the Docket Control Order [Doc. # 23] are revised as follows:  expert witnesses for Counter-Defendant shall be identified on or before **August 5, 2016**; discovery must be completed by **August 31, 2016**; dispositive motions and all other pretrial motions must be filed by **September 30, 2016**; the Joint Pretrial Order must be filed by **November 30, 2016**; and Docket Call is set for **Wednesday, December 7, 2016** at **4:00 p.m.**

SIGNED at Houston, Texas, this **15th** day of **July, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE